# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JULIAN HERNANDEZ,

       Plaintiff,

No. CV 19-806 CG

v.

KILOLO KIJAKAZI,[1]
Commissioner of the Social Security
Administration,

       Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Julian Hernandez's *Motion for Attorney Fees Pursuant to 42 U.S.C. 406(b)(1)(A) With Supporting Memorandum* (the "Motion"), (Doc. 29), filed June 21, 2021; and Defendant Kilolo Kijakazi's response to the Motion, erroneously styled *Stipulated Motion for Award of Attorney Fees under the Equal Access to Justice Act (EAJA)* (the "Response"), (Doc. 30), filed July 6, 2021. Mr. Hernandez has declined to file a reply, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."); *see also* (Doc. 31).

In the Motion, Mr. Hernandez petitions the Court for an order authorizing attorney fees to his counsel, Francesca J. MacDowell, in the amount of $8,000.00 for legal services rendered before this Court. (Doc. 29 at 1). The Court, having reviewed the Motion and the relevant law, and noting the Motion is unopposed, finds Mr. Hernandez's Motion is well-taken and shall be **GRANTED**.

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

**I.     Procedural Background**

Mr. Hernandez instituted an action in this Court on September 3, 2019, seeking judicial review of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. (Doc. 1). In his *Motion to Reverse and Remand for Payment of Benefits, Or in the Alternative, for Rehearing, With Supporting Memorandum*, filed March 31, 2020, Mr. Hernandez additionally asked that the Court grant immediate benefits. (Doc. 20 at 1, 22). On June 5, 2020, instead of filing a response to that motion, the Commissioner filed his own motion, indicating he did not oppose reversing the decision of the Administrative Law Judge (the "ALJ") but rather opposed only an immediate award of benefits. (Doc. 24 at 1). On June 8, 2020, the Court granted in part Mr. Hernandez's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 25 at 1).

On August 4, 2020, the Court granted Mr. Hernandez's motion for Equal Access to Justice Act ("EAJA") fees for the work his attorney performed before this Court, totaling $5,145.50. (Doc. 28 at 1). However, counsel did not receive these fees because the United States Department of Treasury garnished them for a delinquent debt owed to the New Mexico Child Support Enforcement Division. (Doc. 29-5 at 1).

On June 9, 2021, upon remand, the Commissioner determined Mr. Hernandez was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $60,393.00. (Doc. 29-4 at 3). The Commissioner notified Mr. Hernandez that the Social Security Administration had withheld $15,098.25 from his total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which

constitutes twenty-five percent of total backpay benefits.[2] *Id.* at 5. Mr. Hernandez's counsel now seeks an award of $8,000.00, approximately thirteen percent of the total past-due benefits awarded to Mr. Hernandez. *See* (Doc. 29 at 1); (Doc. 29-4 at 3). His counsel explains that no refund of the previously awarded $5,145.50 in EAJA fees is required in this case, as "the total amount of the EAJA fee was garnished for Mr. Hernandez's delinquent child support obligation." (Doc. 29 at 4); (Doc. 29-5 at 1). Although the Commissioner does not take a position on the award of attorney fees, he agrees that "because the EAJA fees awarded appear to have been diverted under the Treasury Offset Program . . . there should be no amount to refund." (Doc. 30 at 2).

## II.     Analysis

The issue before the Court is whether counsel's requested fee of $8,000.00 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if, as here, the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security

---

[2] In the Commissioner's award notice to Mr. Hernandez, she stated that "[u]nder the fee agreement, the representative cannot charge [Mr. Hernandez] more than $6,000.00 for his or her work." (Doc. 29-4 at 3). However, the fee agreement actually provides for twenty-five percent of Mr. Hernandez's past-due benefits. (Doc. 29-1 at 1). Thus, this statement in the Commissioner's notice is error. *See, e.g.*, *Thornton v. Astrue*, 2012 WL 3598418, at *3 (S.D. Ala. Aug. 20, 2012).

3

claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B) (2006).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Mr. Hernandez upon remand. (Doc. 29 at 3); (Doc. 29-4 at 1). The requested fee for services performed in connection with this case, $8,000.00, represents approximately thirteen percent of Mr. Hernandez's backpay benefits, which falls within the twenty-five percent limit imposed by § 406(b).

4

Further, counsel spent 25.1 hours representing Mr. Hernandez before this Court, which falls within the district's range. (Doc. 30 at 4); *see e.g., Perrault v. Saul*, Civ. 1:18-cv-467 CG, 2020 WL 1514666 (D.N.M. Mar. 30, 2020) (finding 37.6 hours reasonable); *Bigsby v. Colvin*, 1:12-cv-1207 CG (Doc. 31) (finding 37.33 hours reasonable); *Arellanes v. Colvin*, 1:12-cv-1178 KBM (Doc. 32) (finding 36.76 hours reasonable); *Dimas v. Astrue*, 1:3-cv-1157 RHS (Doc. 34) (finding 38.26 hours reasonable). Counsel's resulting hourly rate of $318.73 is also well within this District's average. *See*, *e.g.*, *Gallegos v. Colvin*, 1:12-cv-321 SMV, 2015 WL 13662372 (D.N.M. Apr. 1, 2015) (awarding $617.28 per hour); *Montes v. Barnhart*, 1:01-cv-578 BB/KBM (Doc. 19); (Doc. 22) (awarding $701.75 per hour).

Mr. Hernandez's counsel has practiced Social Security law for 27 years. (Doc. 29 at 2). She practices solely in the field of Social Security in federal court. *Id.* Given her years of experience, the Court finds counsel's requested rate of $318.73 reasonable. Further, Mr. Hernandez's counsel represented Mr. Hernandez from 2019 through 2021, and won Mr. Hernandez an award of $60,393.00 in back benefits, with continuing monthly benefits of $1,058.00. (Doc. 29-4 at 1). Based on Mr. Hernandez's counsel's many years of experience in Social Security cases, her years of involvement in this particular case, and the success of her representation, the Court finds it reasonable to award attorney fees of $8,000.00, which amounts to approximately thirteen percent of the total benefits awarded to Mr. Hernandez.

The Court further finds, given the garnishment of the EAJA fees previously awarded, that no reimbursement of EAJA fees is required in this case. *See* (Doc. 29-5 at 1); *see also, e.g.*, *Davis v. Saul*, 1:18-cv-228 KK, 2020 WL 6384206, at *1-2 (D.N.M. Oct. 30, 2020) (finding there were no EAJA fees for counsel to refund to the plaintiff because

those fees had been garnished by the United States Department of Treasury); *Maestas v. Berryhill*, 1:17-cv-679 CG, 2018 WL 6653343, at *2 (D.N.M. Dec. 19, 2018) (ordering counsel to refund the previously-awarded EAJA fee to the plaintiff, less the $1,010.31 garnished to repay the plaintiff's student loans).

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. The requested award is within the district average and is based on the successful representation of Mr. Hernandez. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's requested fee award should be approved.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Hernandez's *Motion for Attorney Fees Pursuant to 42 U.S.C. 406(b)(1)(A) With Supporting Memorandum*, (Doc. 29), shall be **GRANTED**. Mr. Hernandez's counsel is awarded $8,000.00 for legal services performed before this Court, to be paid from Mr. Hernandez's past-due benefits previously withheld by the Commissioner. *See* (Doc. 29-4 at 5) (explaining the Commissioner withheld $15,098.25 from Mr. Hernandez's award of past-due benefits to cover attorney fees).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE